## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ALEC JAY JOHNSON,

     Plaintiff,

v.                                 No. CIV 11-0581 JB/LFG

GOVERNOR MARTINEZ, FOR THE DEPT OF
CORRECTIONS IN HER OFFICIAL & PERSONAL
CAPACITY; GARRY KING FOR THE
STATE OF N.M. IN HIS OFFICIAL CAPACITY;
TIMOTHY HATCH IN HIS PERSONAL AND OFFICIAL
CAPACITY; TEX JOEY WESTER NATIVE
AMERICAN ADVISOR; THE G.E.O. GROUP;
BROWN DAVID A.; & STATE OF NM,

     Defendants.

### <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court: (i) on Plaintiff Alec Jay Johnson's Answer to

Judge, filed December 14, 2011 (Doc. 19)("Response to Order to Show Cause"); (ii) on Johnson's

Response to Memorandum Opinion and Order to Show Cause, filed December 21, 2011 (Doc.

20)("Supplemental Response"); and (iii) <u>sua</u> <u>sponte</u> under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6)

of the Federal Rules of Civil Procedure, for further review of Johnson's Civil Rights Complaint

Pursuant to 42 U.S.C. § 1983, filed June 30, 2011 (Doc. 1)("Complaint").  For the reasons stated

below, the Court will dismiss the Complaint.

Upon initial review of Johnson's Complaint, the Honorable Lorenzo F. Garcia, United States

Magistrate Judge, issued a Memorandum Opinion and Order to Show Cause, filed November 29,

2011 (Doc. 17)("MOO"), noting that the events giving rise to Johnson's constitutional claims began

in 2003.  <u>See</u> MOO at 2.  The MOO directed Johnson to show cause why the Court should not

dismiss the Complaint as barred by the statute of limitations.  <u>See</u> MOO at 3.  In his Response to the

Show Cause Order and Supplemental Response, Johnson makes a number of statements regarding the apparent untimeliness of his complaint and attaches hundreds of pages of exhibits.  He also restates the basic substantive allegations of his Complaint.[1]

On the issue of the Complaint's untimeliness, Johnson alleges that he tried to resolve his disputes with prison officials informally and in administrative proceedings "befor [sic] using the court time."  Response to Show Cause Order at 1.  He also alleges that he has had no help preparing filings, he has dyslexia, English is not his primary language, and inmates are not allowed to help each other.  See Response to Show Cause Order at 1.  Furthermore, he states that the New Mexico Corrections Department, which denies him access to a sweat lodge, "will give me access long enough to make the issue moot."  Supplemental Response at 1.  He asserts that he has also suffered some of the same violations after being transferred from one facility to another.  See Supplemental Response at 2.

Johnson's allegations do not excuse the very late filing of his Complaint.  As noted in the earlier MOO, the limitations period for a § 1983 action in New Mexico is three years.  See Garcia v. Wilson, 731 F.2d 640, 651 (10th Cir. 1984), aff'd, 471 U.S. 261, 280 (1985); N.M.S.A. 1978, § 37-1-8.  State law governs tolling of the limitations period applicable to § 1983 claims, see Roberts

---

[1]A district court may not sua sponte dismiss a prisoner's § 1983 action on the basis of the statute of limitations "unless it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard on the issue."  Vasquez Arroyo v. Starks, 589 F.3d 1091, 1097 (10th Cir. 2009).  "When a district court believes it is likely that a pro se prisoner's § 1983 complaint is dismissible on the basis of the state's statute of limitations, the court may issue a show cause order giving the plaintiff an opportunity to explain why the statute of limitations should be tolled."  Vasquez Arroyo v. Starks, 589 F.3d at 1097.  Here, Judge Garcia's MOO ordered Johnson to show cause why the Court should not dismiss his Complaint for statute-of-limitations issues.  See MOO at 1.  The Court has reviewed the materials that Johnson has submitted in response to the MOO and in support of his Complaint, and finds that his Complaint is time barred.

v. Barreras, 484 F.3d 1236, 1241 (10th Cir. 2007), and New Mexico law allows tolling the limitations period applicable to a prisoner's claim in two ways, see Roberts v. Barreras, 484 F.3d at 1241-42.  First, statutory tolling may extend the limitations period where a prisoner attempts to exhaust mandatory administrative remedies.  See Roberts v. Barreras, 484 F.3d at 1242; N.M.S.A. 1978, § 37-1-12.  Johnson's exhibits, see  Lea County Correctional Facility Grievance 03-02-01, at 43 (dated June 5, 2003), filed December 14, 2011 (Doc. 19-6); Inmate Grievance Form at 47 (dated November 16, 2003), filed December 14, 2011 (Doc 19-6), show that he began filing grievances in 2003 for the alleged denial of his religious freedoms.  Furthermore, his exhibits indicate that he exhausted at least one round of administrative remedies on November 2, 2007.  See Lea County Correctional Facility Grievance 07-08-27, at 31 (dated November 2, 2007), filed December 14, 2011 (Doc. 19-7)("Grievance 07-08-27").  As a result, statutory tolling delayed expiration of the three-year limitations period until only November 2, 2010, at the latest.  Cf. Roberts v. Barreras, 484 F.3d at 1243-44.  Johnson filed his Complaint six months later on June 30, 2011.

Although Johnson continued filing grievances after 2007, which were resolved within the limitations period, those grievances stem from decisions made in 2003.  See Wall v. Boone, 76 F.3d 394, 1996 WL 44245, at *2 (10th Cir. 1996)(unpublished table decision)("Mr. Wall plainly knew about his transfer in 1980 and cannot avoid the limitations period merely by claiming continuing adverse effects from the transfer.").  Civil rights actions accrue when "facts that would support a cause of action are or should be apparent."  Brock v. Herbert, 435 F.App'x 759, 762 (10th Cir. 2011)(unpublished).  The statute of limitations "begins to run when the plaintiff knows or has reason to know of the existence or and cause of the injury which is the basis of his action."  Alexander v. Oklahoma, 382 F.3d 1206, 1215 (10th Cir. 2004).  Accordingly, Johnson's Complaint indicates that his cause of action accrued in 2003, see Complaint at 2, and in the Inmate Informal Complaint

Grievance 07-08-27, filed December 14, 2011 (Doc. 19-7)("Inmate Form 07-08-27"), Johnson indicates that he "can go back to 2002" with respect to the denial of his sweat lodge privileges and the discrimination based on his religion.  See Inmate Form 07-08-27, at 28.  Johnson lists a variety of specific dates when he was denied access to the sweat lodge, which demonstrates that, even if his claim did not accrue until later, by November 2007 he was aware of his alleged injuries and had exhausted his administrative remedies with respect to those allegations.   Grievance 07-08-27 indicates that, at least by November 2, 2007, Johnson's administrative remedies with regard to those causes of action had been exhausted, see Grievance 07-08-27, at 31.  In Grievance 07-08-27, Erma Sedillo, Deputy Secretary of Operations for the Lea County Correctional Facility, denied Johnson's appeal regarding his religious status and found that he could not substantiate his claim that he is Native American.  See Grievance 07-08-27, at 31.  From that determination stemmed the decision that Johnson should not be on the sweat lodge list and the claim that staff were violating his constitutional right to be Native American.  See Grievance 07-08-27.  In Fogle v. Slack, 419 F.App'x 860 (10th Cir. 2011)(unpublished), the United States Court of Appeals for the Tenth Circuit declined to decide whether the continuing violation doctrine[2] applies to § 1983 claims.  See 419

---

[2]The continuing violation doctrine "permits a Title VII plaintiff to challenge incidents that occurred outside the statutory time limitations of Title VII if such incidents are sufficiently related and thereby constitute a continuing pattern of discrimination."  Fogle v. Slack, 419 F.App'x at 864. The Tenth Circuit employs a three-part inquiry to determine whether there was a continuing violation: "(i) subject matter - whether the violations constitute the same type of discrimination; (ii) frequency; and (iii) permanence - whether the nature of the violations should trigger an employee's awareness of the need to assert her rights and whether the consequences of the act would continue even in the absence of continuing intent to discriminate."  Davidson v. Am. Online, Inc., 337 F.3d 1179, 1184 (10th Cir. 2003).  The Court notes that Johnson appears to have been aware of the alleged violations of his constitutional rights in 2003; therefore, applying the continuing violation doctrine to his case would not fulfill the equitable purpose behind the doctrine -- the "equitable notion that the statute of limitations should not begin to run until a reasonable person would be aware that his or her rights have been violation."  Davidson v. Am. Online, Inc., 337 F.3d at 1184.

F.App'x at 864.  Although the Tenth Circuit stated, in <u>Fogle v. Slack</u>, that it had yet to decide whether the continuing violation doctrine applies to 42 U.S.C. § 1983, in <u>Mercer v. New Mexico Children, Youth and Families Development</u>, 416 F.App'x 704 (10th Cir. 2011)(unpublished), the Tenth Circuit held that the continuing violation doctrine "does not" extend to § 1983 claims, <u>see</u> 416 F.App'x 712 ("The Mercer-Smiths' argument clearly fails because the doctrine of continuing violations does not apply to § 1983 claims.").  The Court, as a district court, is bound to follow Tenth Circuit precedent.  <u>See</u> <u>Zamora v. Wells-Fargo Home Mortg.</u>, No. 11-0870, 2011 WL 6415350, at *18 (D.N.M. Dec. 14, 2011)(Browning, J.).  Given the Tenth Circuit's statements in <u>Mercer v. New Mexico Children, Youth and Families Development</u> and in <u>Fogle v. Slack</u>, the Court would not be comfortable applying the continuing violation doctrine to a § 1983 claim.

Even assuming that "the continuing violation doctrine applies to § 1983 claims, however, the doctrine is triggered 'by continual unlawful acts, not by continual ill effects from the original violation.'" <u>Mata v. Anderson</u>, 635 F.3d 1250, 1253 (10th Cir. 2011)(quoting <u>Parkhurst v. Lampert</u>, 264 F.App'x 748, 749 (10th Cir. 2008)).  Grievance 07-08-27 makes clear that his Native American status had been conclusively determined, at least by November 2, 2007.  This determination is the original violation of which Johnson complains; that the facility continues to follow its determination that Johnson is not Native American is an "ill effect" of that original alleged violation.  <u>See</u> <u>Mata v. Anderson</u>, 635 F.3d at 1253.  The Tenth Circuit, in <u>Parkhurst v. Lampert</u>, held that, where a prisoner brought an action under 42 U.S.C. § 1983 for overcrowding, the suit was time barred, because he failed to bring the suit within the limitations period, and because the continuing violation doctrine -- if it applies to § 1983 action at all -- would not apply where he alleged "the same ill effect from the day the alleged overcrowding first existed." 264 F.App'x at 749.  In <u>Frazier v. Jordan</u>, No. 06-1333, 2007 WL 60883 (10th Cir. Jan. 10, 2007)(unpublished), the Tenth Circuit found that a

prisoner's claims of undernourishment and lack of access to the law library were time barred, despite that these violations lasted for the duration of his confinement, because "he actually argues that he was subjected to continuing ill effects (continuous undernourishment and lack of access to the law library) from the defendant's original actions, not that the defendants committed further constitutional violations against him within the two-year statutory period preceding the filing of his complaint." 2007 WL 60883, at *4. Similarly, Johnson alleges the same ill effects from the day the facility first refused to grant him Native American status. Grievance 07-08-27 dealt with the same issues that Johnson raises before the Court -- that he was not designated Native American, that he was denied access to the sweat lodge, and that the Lea County Correctional Facility staff were violating his constitutional rights to be Native American -- and that grievance indicates that, at least by November 2, 2007, Johnson's administrative procedures for these claims had been exhausted. See Grievance 07-08-27, at 16.

Johnson does not allege several discrete acts of discrimination; rather he alleges one violation, outside of the statute of limitations period, from which continuing ills follow. In Romero v. Lander, No. 11-1093, 2012 WL 311680 (10th Cir. Feb. 2, 2012)(unpublished), the Tenth Circuit held that the reimposition of a sex offender classification in 2009 was not a new or discrete act of discrimination because the plaintiff was previously classified as a sex offender in 2000. See 2012 WL 311680, at *6. The Tenth Circuit found that the plaintiff knew or should have known of the alleged violations giving rise to his claims in 2000 and rejected the argument that the alleged constitutional violation accrued in 2009 when he was re-classified as a sex offender. See Romero v. Lander, 2012 WL 311780, at *7. Accordingly, Johnson should have, at the latest, filed his Complaint within three years of November 2, 2007 -- by November 2, 2010 -- because at that point he was aware of and had exhausted his administrative remedies related to the allegations in his

Complaint.  Although Johnson continued to file grievances which were exhausted within the three-year statute of limitations period, those grievances related to an original decision which was made outside of that period and which was time-barred.  A § 1983 plaintiff's allegations are time barred when he or she challenges "discrete actions that occurred outside the limitations period even though the impact of the acts continues to be felt."  McCormick v. Farrar, 147 F.App'x 716, 720 (10th Cir. 2005)(unpublished)(citation omitted).  Johnson did not allege that the defendants committed any further or discrete constitutional violations within the three-year statute of limitations period.

Second, equitable tolling is available where circumstances beyond a prisoner's control prevent the prisoner from filing a claim.  See Roberts v. Barreras, 484 F.3d at 1241 (citing Ocana v. Am. Furniture Co., 135 N.M. 539, 547, 91 P.3d 58, 66 (2004)).

> In New Mexico law, equitable tolling -- sometimes referred to as fraudulent concealment -- only applies when the defendant [sic] is prevented from filing throughout the entire length of the statutory period: "[I]f a plaintiff discovers the injury within the time limit, fraudulent concealment does not apply because the defendant's actions have not prevented the plaintiff from filing the claim within the time period and the equitable remedy is not necessary."

Roberts v. Barreras, 484 F.3d at 1242 (quoting Tomlinson v. George, 138 N.M. 34, 40, 116 P.3d 105, 111 ( 2005)).  See Chase Manhattan Mortg. Corp. v. Caraway, 133 N.M. 291, 295, 62 P.3d 748, 752 (Ct. App. 2002)(requiring a showing that defendant's "conduct . . . caused the other party to refrain from filing a cause of action").  Johnson's responses fail to present "meritorious tolling arguments."  Vasquez Arroyo v. Starks, 589 F.3d 1091, 1097 (10th Cir. 2009)(quoting Abbas v. Dixon, 480 F.3d 636, 640 (2d Cir. 2007)).  Johnson was aware of alleged religious-freedom violations as early as 2003, see Lea County Correctional Facility Grievance 03-02-01 at 43; Inmate Grievance Form at 47, and he makes no allegation that the Defendants prevented him from filing his § 1983 action.  He alleges (i) lack of assistance in preparing his claims, dyslexia, and language

-7-

difficulties, see Response to Order to Show Cause at 1; (ii) that he tried to resolve his disputes without involving the courts, see Response to Order to Show Cause at 1; and (iii) that the Defendants "[gave] me access long enough to make the issue moot," Supplemental Response at 1. These allegations do not support a conclusion that the Defendants prevented him from filing his action.  See Roberts v. Barreras, 484 F.3d at 1242;  Winters v. United States, 953 F.2d 1392, 1992 WL 11317, at *2 (10th Cir. 1992)(unpublished table decision)(requiring diligence in presenting claims).  See also Fogle v. Slack, 419 F.App'x at 865 (rejecting "continuing violation" argument for extending a limitations period).  Johnson's responses fail to demonstrate that equitable tolling applies in this case, see Roberts v. Barreras, 484 F.3d at 1242; Tomlinson v. George, 138 N.M. at 40 116 P.3d at 111, or has delayed expiration of the applicable limitations period to include the date that he filed his Complaint.  The Court will dismiss Johnson's Complaint as barred by the statute of limitations.

IT IS ORDERED that the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed June 30, 2011 (Doc. 1), is dismissed with prejudice, pending motions are denied as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

Parties:

Alec Jay Johnson
Clayton, New Mexico

Plaintiff pro se